**FIRST NAT. BANK OF RAYMONDVILLE et al. v. HICKMAN.**

**No. 8708.**

Court of Civil Appeals of Texas. San Antonio.
Dec. 23, 1931.

Rehearing Granted Jan. 20, 1932.

M. J. Glarner, of Raymondville, for appellants.

A. B. Crane, of Raymondville, for appellee.

FLY, C. J.

This suit originated in the justice's court, and was instituted by appellee. After judgment in the justice's court, an appeal was sought to the county court. No appeal bond from the justice's to the county court appears in the record, and that bond is absolutely necessary to confer jurisdiction on the county court. In order to confer jurisdiction on this court, the county court must have obtained jurisdiction. The record fails to show jurisdiction in this court, and the appeal will be dismissed.

Dismissed for want of jurisdiction.

**On the Merits.**

Appellee sued V. C. Clark, D. E. Starnes, Carl M. Fambrough, and First National Bank of Raymondville on a note and to foreclose a chattel mortgage on a steam boiler in a laundry in Raymondville. It was alleged that the boiler was sold to Starnes and Fambrough and a mortgage retained, in which it was provided that the chattel should not become a part of any realty to which it was attached, and the chattel mortgage was duly and legally recorded in Willacy county. Starnes and Fambrough made no defense, and judgment by default was taken against them. V. C. Clark claimed to have bought the boiler from Starnes and Fambrough, for value, and without notice of any claim against it. The bank claimed to have no notice of the chattel mortgage.

It is provided in article 5498, Revised Statutes, that liens may be retained by the seller of a chattel which may be attached to and become a part of the realty; said lien to be given at "the time of its location on such real estate." In this case, the vendor did not attempt to retain a lien under the article cited, so as to protect himself against a sale of the real estate by the owner thereof, thereby defeating the mortgage on the chattel; but he took a mortgage on the chattel, and had an agreement with the purchaser that the property should remain a chattel, although attached to real estate. That such agreement was binding as between the seller and the purchaser is not questioned, and, indeed, no one could legally question it except the owner of the real estate or his vendee. The owner of the land is not a party to this suit, and of course has entered no objection to the removal of the fixture, if, under the contract, it ever became a fixture.

The contract as to the boiler was binding as between the parties and the appellants herein, and its register in the records of Willacy county was notice to the world of its existence. It was good and binding as to appellants. None of the propositions are well taken, and, the judgment of dismissal heretofore entered by this court having been set aside on a showing that the county court had jurisdiction, the judgment of that court is affirmed.